■ DONALD G. CERBONE et al., Appellants, v UNION FREE SCHOOL DISTRICT No. 17 OF HICKSVILLE et al., Respondents. — In an action to recover damages for assault, false imprisonment and negligence, etc., the plaintiffs appeal from (1) a decision of the Supreme Court, Nassau County, dated July 9, 1979, which held that the motion of the defendant Union Free School District No. 17 to dismiss the action for lack of prosecution should be granted and (2) the judgment entered thereon on August 30, 1979. Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision. Judgment reversed, without costs or disbursements, and motion to dismiss denied, with leave to the movant to renew its motion upon proper papers. This action was commenced, and issue was joined, in 1975. On December 9, 1976 and June 1, 1977 the plaintiffs served bills of particulars in response to defendants' demands. On June 2, 1977 the defendant school district served plaintiffs with a demand for a jury trial. The plaintiffs served a note of issue and statement of readiness upon defendants, and a photocopy thereof (bearing a stamp indicating it was filed in the office of the clerk of the Supreme Court on June 7, 1977) appears in the plaintiffs' appendix on appeal, together with photocopies of the bills of particulars and of a stipulation between the parties (plus related correspondence) in which they agreed that plaintiffs could file their note of issue and statement of readiness subject to the parties completing their respective examinations before trial. On February 6, 1979 the defendant school district served notice on plaintiffs and their counsel, demanding that they serve and file a note of issue within 90 days (see CPLR 3216). By notice of motion dated May 14, 1979, the school district moved to dismiss the action for failure to diligently prosecute,

and in a supporting affirmation the movant's counsel stated that, "As of this date [May 14, 1979] plaintiff has failed to serve a Note of Issue." The plaintiffs obtained new counsel, and on May 25, 1979, the substituted counsel signed a stipulation with plaintiffs consenting to the substitution. On or about June 15, 1979, plaintiffs' new counsel prepared and submitted opposing papers in which the injured plaintiff and his counsel asserted, *inter alia,* that the delay was not willful but was caused by "mitigating factors involving prior counsel", over which factors they had no control. Neither side advised the court that plaintiffs had served and filed bills of particulars and a note of issue, and on the basis of the information submitted to it Special Term granted the motion to dismiss, stating that there had been no action by plaintiffs for almost four years after joinder of issue in 1975. We find that counsel for both sides were seriously at fault in failing to disclose to the court material facts having a significant bearing on the merits of the motion to dismiss. Had the court been informed that the plaintiffs had served and filed bills of particulars and a note of issue, the motion to dismiss for lack of prosecution might very well have been denied. In the exercise of discretion, we reverse the judgment appealed from and deny the motion to dismiss, with leave to the movant, if it be so advised, to renew its motion upon papers which disclose all necessary and pertinent facts. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.